# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Soo Line Railroad Company d/b/a Canadian Pacific, | Case No. 18-cv-1989 (SRN/TNL) |
| Plaintiff, | |
| v. | |
| The Travelers Indemnity Company, | **PROTECTIVE ORDER** |
| Defendant and Third-Party Plaintiff, | |
| v. | |
| Continental Insurance Company, as successor in interest to certain policies issued by Harbor Insurance Company, | |
| Third-Party Defendant. | |

This matter comes before the Court on the parties' "Stipulation and Order of Non-Disclosure of Confidential and Proprietary Documents (ECF No. 22) ("Stipulation"). **IT IS HEREBY ORDERED** that the parties' Stipulation is **GRANTED IN PART** as follows:

**WHEREAS**, the Parties have or may serve various discovery demands that may require the responding Party to divulge information it considers confidential, proprietary business information, trade secrets, and/or confidential financial information (collectively, "Confidential Information");

**WHEREAS**, the Parties do not want documents containing Confidential Information to be disclosed to any person absent sufficient protections against further dissemination; and

**WHEREAS**, the Parties desire that all Confidential Information that they produce during the course of this action will remain confidential following the termination of this action;

**THEREFORE**, Confidential Information shall be disclosed only in the following ways:

1. A Party may designate a document "CONFIDENTIAL" where the document has been reviewed by counsel and that Party has a reasonable basis to believe that the document contains Confidential Information. Such designation will be made by marking a document "CONFIDENTIAL" on its face.

2. Information disclosed at a deposition in this action may be designated by any Party or the deponent, or its counsel, as Confidential Information by so indicating on the record at any time during the deposition. If such designation is made, the Court Reporter shall place the following legend on each page of each transcript with Confidential Information: "CONFIDENTIAL INFORMATION. Subject to Protective Order." Any Party or deponent, or its counsel, may also designate a deposition or portion thereof as Confidential Information by advising all Parties in writing within 30 days after receipt of the deposition transcript that the testimony encompasses Confidential Information.

3. Counsel for the Parties agree that all documents designated "CONFIDENTIAL" in this action will not be copied, disclosed, or otherwise revealed to any person or entity other than the following:

  a. Attorneys (including in-house attorneys) and their staff;

  b. Experts and consultants retained by any Party for the purposes of testifying, or rendering assistance, or providing opinions in the above-entitled matter, but only after signing the Acknowledgment attached hereto as Exhibit A;

  c. The Parties, and employees, insurers, in-house claims personnel, and third-party claims administrators of the Parties;

  d. Employees of third party vendors or contractors providing clerical and litigation support services to the Parties with respect to this action, including but not limited to imaging, copying, processing, hosting and review services, to the extent necessary for the above-entitled matter, and for no other purpose;

  e. The court, court personnel, court reporters, videographers, the jury, deposition and trial witnesses, and any mediators or arbitrators directly involved in this matter;

  f. A person shown on the face of the confidential document to have authored or received it;

  g. Representatives of any state Insurance Department and any other regulators or government agencies; outside accountants and auditors; and a Party's claim administrators, reinsurers, and retrocessionaires; and

h. Any non-party only as it is necessary to comply with subpoenas or orders of any court or arbitration panel. If any Party is required to disclose Confidential Information under this subparagraph, subject to any applicable legal restrictions, that party will give written notice to the producing Party as soon as possible after the subpoena or court or arbitration order is received and before any disclosure, in order to enable the producing Party to take such protective measures as may be necessary. In all contexts, all Parties will make good-faith efforts to limit the disclosures, if any, to be made.

4. But for the persons or entities listed in paragraphs 3-a through 3-h above, no other person will be allowed to view, examine, or copy, in whole or in part, any document designated "CONFIDENTIAL" and produced by any Party in this action unless notice is given to all Parties and upon Order of the Court.

5. If any Party disputes the designation of a document as "CONFIDENTIAL," that Party, or its counsel, shall serve a written notice of its objection listing the document(s) objected to within 90 days from the production of the document by the producing Party. Such notice shall be made in good faith and identify the document(s) objected to as well as state the objection to the "CONFIDENTIAL" designation. Additionally, for good cause shown, a party may object to the designation of a document as "CONFIDENTIAL" after 90 days of production. If the producing Party and the objecting Party are unable to agree as to whether the document should be designated "CONFIDENTIAL," then the Party asserting confidentiality may move the Court for a

protective order.  All Parties shall treat the designated document(s) as "CONFIDENTIAL" until the dispute is resolved.

6. If documents marked "CONFIDENTIAL" or understood in good faith to contain Confidential Information are to be disclosed to the Court or court personnel in connection with any filing in this action, the Party disclosing said documents shall cause them to be filed in **compliance with the Electronic Case Filing Procedures for the District of Minnesota and Local Rule 5.6.  The sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged.  No document shall be filed under seal unless such document or information therein is genuinely confidential and/or there are compelling reasons to do so.  Any party seeking to file a document under seal shall specifically review each document and the information therein to limit sealing only to the extent necessary.  Any joint motion made pursuant to Local Rule 5.6 before United States Magistrate Judge Tony N. Leung shall conform to Exhibit B attached hereto.  Counsel shall provide the Court with two courtesy copies of the unredacted documents with the redacted information highlighted in yellow.**  If documents marked "CONFIDENTIAL" or containing Confidential Information are provided to the Judge or Jury, the disclosing Party shall advise the Judge of the documents' confidential status.

7. Following the termination of this action, this **Protective Order** shall continue to be binding upon the Parties and upon all persons to whom Confidential Information has been disclosed or communicated who have agreed to be bound by this **Protective Order**.

8. All parties shall treat all confidential documents in such a way as to allow for all confidential documents and copies thereof to be returned, and electronic versions destroyed to the extent possible, if the Court so orders at the conclusion of this litigation. Notwithstanding the foregoing, and subject to paragraph 7, above, the Parties and their attorneys shall be entitled to retain a set of all documents, including confidential documents, produced in this action or filed with the court, and all correspondence generated in connection with the action, for regulatory, auditing, and insurance purposes, and as necessary to maintain a complete file. Nothing in this **Protective Order** shall inhibit or interfere with any Party's legal or contractual obligation it has to a reinsurer, retrocessionaire, auditor, or regulator.

9. The Parties will make the contents of **this Protective Order** known to any person who is requested or authorized pursuant to paragraphs 3-a through 3-d, 3-f, and 3-g to examine any documents designed "CONFIDENTIAL" in this action. The Parties shall use their best efforts to make the confidential nature of documents designated "CONFIDENTIAL" known to any person or entity who is requested or authorized pursuant to paragraphs 3-e to examine any documents designated "CONFIDENTIAL" in this action.

10. The Parties, upon mutual consent, may modify this **Protective Order**.

11. **This Protective Order** is without prejudice to any Party's right to assert any privilege or protection, including but not limited to, the attorney-client privilege and the work-product doctrine, or to any Party's right to contest the existence of the asserted privileges and protections.

12. Disclosure of "CONFIDENTIAL" documents in accordance with the terms of this **Protective Order** shall not operate as a waiver of any claim of privilege, protection, or confidentiality regarding such "CONFIDENTIAL" documents.

13. **Prior Orders. All prior consistent orders remain in full force and effect.**

14. **Remedies. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.**

Dated: November   9   , 2018             *s/ Tony N. Leung*
                                         Tony N. Leung
                                         United States Magistrate Judge
                                         District of Minnesota

                                         *Soo Line Railroad Company v. The*
                                         *Travelers Indemnity Company et al.*
                                         Case No. 18-cv-1989 (SRN/TNL)

# EXHIBIT A

## EXPERT AND CONSULTANT ACKNOWLEDGEMENT REGARDING STIPULATION OF NON-DISCLOSURE OF CONFIDENTIAL AND PROPRIETARY DOCUMENTS

**Soo Line Railroad Co. d/b/a Canadian Pacific v. The Travelers Indemnity Co., et al.,**

**U.S.D.C., D. Minn. 18-CV-1989**

I hereby acknowledge that information or documents designated "CONFIDENTIAL" are provided to me subject to the Stipulation of Non-Disclosure of Confidential and Proprietary Documents and the related Order (collectively, the "Protective Order") in the above-captioned litigation; that I have been given a copy of and have read the Protective Order, and that I agree to be bound by its terms. I also understand that my execution of this Protective Order, indicating my agreement to be bound by the Protective Order is a prerequisite to my review of any information or documents designated as "CONFIDENTIAL" pursuant to the Protective Order.

I further agree that I shall not disclose to others, except in accord with the Protective Order, any "CONFIDENTIAL" discovery material, in any form whatsoever, and that such discovery material and the information contained therein may be used only for the purposes authorized by the Protective Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such discovery material and information will continue even after this litigation concludes.

I further acknowledge that, if I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be

subject to the jurisdiction of the United States District Court, District of Minnesota, for the purposes of any proceedings relating to enforcement of the Protective Order.

      I further agree to be bound by and to comply with the terms of the Protective Order as soon as I sign this Agreement, whether or not the Protective Order has yet been entered as an Order of the Court.

Date

By:



Subscribed and sworn to before me this

___ day of _____ , 2018.

Notary Public

# EXHIBIT B
## SAMPLE LOCAL RULE 5.6 GRID FOR CASES WITH U.S. MAGISTRATE JUDGE TONY N. LEUNG

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column | | | Nonparty that Designated Doc. Confidential (If Any) | Reason Why Document Should Remain Sealed or Be Unsealed |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

For documents with confidential information spanning more than one category, a separate entry should be used for each category of information. For example, a memorandum contains both confidential financial records and medical records:

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column | | | Nonparty that Designated Doc. Confidential (If Any) | Reason Why Document Should Remain Sealed or Be Unsealed |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| 26 | *Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment* | 5, 8, 12-15, 23-25 | X | | | | *Confidential financial information.* |
| 26 | *Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment* | 16-20, 26-27 | X | | | | *Confidential medical records.* |